IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JAMES LEACHMAND AND SETH LEACHMAN,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | **CV-19-82-GF-BMM**<br><br>**ORDER** |

## INTRODUCTION

Plaintiffs James Leachman and Seth Leachman (collectively "Leachmans") filed against a claim against Defendant United States of America ("Government"). (Doc. 1.) Leachmans seek compensatory damages, attorney fees, and costs and expense of suit. (*Id.*) Leachmans allege that the Court possesses subject matter jurisdiction under 42 U.S.C. § 1982, 28 U.S.C. § 1331, and 28 U.S.C. § 1346. (*Id.*) The Government seeks to dismiss the claims based on a lack of subject matter jurisdiction, sovereign immunity, statute of limitations, and failure to state a claim. (Doc. 4.)

Leachmans allege that they entered into an oral contract in 2012 with James Holen and Richard Holen (collectively "Holens"). (Doc. 1.) The alleged oral

1

contract called for the Holens to provide daily care and maintenance to 62 horses owned by Leachmans on the Holens' property. (*Id.*) The Holens' property lies within the exterior boundaries of the Fort Peck Indian Reservation. (*Id.*) James Holen is an enrolled member of the Assiniboine and Sioux Tribes of the Fort Peck Indian Reservation. (*Id.*) Leachmans further allege that the Holens transported another 66 horses owned by Leachmans to the Holens' property without the Leachmans' permission. (*Id.*)

Holens filed an action against Leachmans in Fort Peck Tribal Court on June 19, 2012. (*Id.*) Holens asserted breach of contract and other claims. (*Id.*) The Fort Peck Tribal Court issued a series of rulings in favor of the Holens. (*Id.*) Leachmans appealed. The Fort Peck Tribal Court of Appeals reversed these rulings on the basis that the Fort Peck Tribal Court had violated the Leachmans' rights to due process and equal protection of the laws. (Doc. 1-1.) Leachmans filed a claim under the Federal Tort Claims Act on April 18, 2019.

## DISCUSSION

A motion to dismiss tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6). Federal courts generally view "with disfavor" Rule 12(b)(6) dismissals. *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.3d 208, 213 (9th Cir. 1957). A court should not dismiss a complaint unless it appears beyond doubt that plaintiffs can prove no facts sufficient to support a claim that

entitles plaintiffs to relief. *Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995). The Court must assume at this stage that all allegations in plaintiffs' complaint are true and draw reasonable inferences in plaintiffs' favor. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

The Government provides numerous bases for dismissing Leachmans' complaint, including no waiver of sovereign immunity and the Court's lack of subject matter jurisdiction. (Doc. 4.) Leachmans seek damages in a reasonable amount to compensate them fully for their alleged deprivation of constitutional rights. (Doc. 1 at 4.) The United States, as sovereign, remains "immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)). Any waiver of sovereign "must be unequivocally expressed." *Franconia Assocs. v. United States*, 536 U.S. 129, 141 (2002) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). Sovereign immunity "shields the Federal Government and its agencies from suit" absent an express waiver. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Harger v. Dep't of Labor*, 569 F.3d 898, 903 (9th Cir. 2009).

Leachmans ignore entirely in their complaint the issue of sovereign immunity. They instead baldly assert that the Court first possesses subject matter jurisdiction under 28 U.S.C. § 1331. (Doc. 1.) Section 1331 makes no mention of

any waiver of sovereign immunity. It merely provides that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A mere assertion that general jurisdictional statutes apply does not suffice to confer jurisdiction" when the United States has not waived sovereign immunity. *Hughes v. United States*, 953 F.2d 531, 539 n.5 (9th Cir. 1992).

Leachmans next assert that 42 U.S.C. § 1983 allows for subject matter jurisdiction. Section 1983 imposes liability upon the United States, for any person acting under color of law, who deprives another person of rights secured by the Constitution. 42 U.S.C. § 1983. Government argues that Leachmans raise a claim "in the nature of a Constitutional tort" as evidenced by their reference to the deprivation of due process and equal protection rights (Doc. 4 at 6.) Leachmans fail to point to any statute that waives sovereign immunity of the United States for a constitutional tort. In fact, § 1983 specifically exempts from liability "any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity." 42 U.S.C. § 1983.

The Ninth Circuit in *Moore v. Brewster*, 96 F.3d 1240 (9th Cir. 1996), addressed the question of whether judicial immunity applied to a claim that a series of decisions by a district judge regarding the disposition of a supersedeas bond rose to the level of a due process violation. The Ninth Circuit earlier had reversed a

decision of Judge Brewster regarding the supersedeas bond and Moore filed a claim against Judge Brewster for a due process violation and allegedly conspiring with the opposing party. The district court dismissed the claims against Judge Brewster based on judicial immunity. *Id.* at 1243. The Ninth Circuit rejected Moore's arguments that Judge Brewster's legal errors deprived him of judicial immunity. The Ninth Circuit noted that even "[g]rave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." *Id.* at 1244 (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988)).

Leachmans attempt to circumvent this exemption for judicial acts under § 1983 by pointing to the funding mechanism for the Fort Peck Tribal Court as giving rise to potential liability on the part of the United States. (Doc. 8 at 2.) Section 5321(a)(1) of Title 25 of the U.S. Code authorizes the Bureau of Indian Affairs ("BIA") to enter into a self-determination contract with a "tribal organization." Section 5304(l) defines "tribal organization" to mean "the recognized governing body of any Indian tribe." "Self-determination contract" as contemplated by this section, means a contract or grant between a tribal organization and the BIA for the "administration of programs or services which are otherwise provided to Indian tribes and their members pursuant to Federal law." 25 U.S.C. § 5304(1).

The Government agrees that the BIA entered into a contract with the Assiniboine and Sioux Tribes of the Fort Peck Indian Reservation ("Tribe") to fund the Fort Peck Tribal Court. (Doc. 4 at 20.) The Tribe operates its court system with this funding from the BIA. Leachmans contend that this funding arrangement imposes potential liability upon the BIA, and through it, the United States, arising from illegal or improper rulings by the Fort Peck Tribal Court. (Doc. 8 at 2.) Leachmans cite no authority for this proposition other than to resort to the snarky comment that any other outcome would result in an injustice: "Too bad. So sad. Good luck with that." (*Id.* at 3.) Leachmans' arguments do little to advance their claims.

Even assuming that the Court possesses subject matter jurisdiction to hear Leachmans' claim, their complaint must be dismissed. Leachmans assert that they submitted a claim to the BIA under the Federal Tort Claims Act on April 18, 2019. (Doc. 1 at 2.) Leachmans allege that 28 U.S.C. § 1346 provides a basis for subject matter jurisdiction. (Doc. 1 at 1.) Section 1346(b) provides for a cause of action for damages against the United States for loss of property caused by the negligent or wrongful act or omission "of any employee of the Government while acting within the scope of his office or employment" if a private person would be liable for the same conduct in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1).

The alleged act or omission occurred on the Fort Peck Reservation which lies in the State of Montana. Montana law recognizes judicial immunity. Mont. Code Ann. § 2-9-112(2) provides that a member "of the judiciary is immune from suit for damages arising from the lawful discharge of an official duty associated with judicial actions of the court." The Montana Supreme Court concurs: "[j]udicial immunity applies with no stated limitation, and judges are absolutely immune from suit for civil damages for acts performed in their judicial capacities." *Hartsoe v. Christopher*, 296 P.3d 1186, 1188 (Mont. 2013).

Leachmans make no attempt to address the roadblock that judicial immunity poses to their complaint. They instead attack the Government for hiding "behind an implied legal fiction that the Fort Peck court system is not an arm of the federal government, even though the Fort Peck court system is set up, funded, and administered by the federal government." (Doc. 8 at 3.) This system, as described by Leachmans, sounds much like the federal court system – set up, funded and administered by the Government. Despite this arrangement of federal courts, judicial immunity bars a claimant from pursuing a claim for monetary damages against a federal judicial officer acting in her official capacity even though the Government set up, funds, and administers the system. *Cleavinger v. Saxner*, 474 U.S. 193, 195 (1985).

The United States Supreme Court in *Cleavinger* described the breadth of judicial immunity: "Such immunity applies 'however erroneous the act may have been, and however injurious in its consequences [the judicial act] may have proved to the plaintiff.'" *Id.* at 199 (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)). As catalogued by the Fort Peck Court of Appeals, the Fort Peck Tribal Court committed several erroneous acts, including acting with proper service of the complaint, acting without proper notice of hearings, and failure to adhere to tribal law. (Doc. 1-1) And Leachmans assert that the judicial act proved injurious. Judicial immunity nevertheless applies even if the Fort Peck Tribal Court's action "was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 357. Liability could attach only if the Fort Peck Tribal Court "acted in the 'clear absence of all jurisdiction.'" *Id.* (quoting *Bradley*, 13 Wall. at 351).

It should be noted that the Fort Peck Court of Appeals determined that the Fort Peck Tribal Court possessed subject matter jurisdiction over the dispute and personal jurisdiction over the parties based on the Fort Peck Tribal Code and the first exception to the test set out in *Montana v. United States*, 450 U.S. 544 (1981). (Doc. 1.1 at 16.) The Fort Peck Court of Appeals cited the Leachmans' decision to enter a "consensual relationship" with a tribal member in the form or an oral contract for the Holens to care for the Leachmans' horses. *Id.* Leachmans have

made no attempt to challenge this determination, including by seeking review by this Court.

Although this is Leachmans' first attempt at filing a complaint, the Court will not grant leave to amend. Leachmans may not amend their Complaint as of right because more than 21 days have passed since the filing of the motion to dismiss. *See* Fed. R. Civ. Proc. 15(a)(1)(B). The Court recognizes that leave to amend should be freely given under Federal Rule of Civil Procedure 15(a)(2). *See, e.g.*, *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015). But the Court retains the discretion to deny leave to amend, even when the plaintiff has not previously amended their complaint, when amendment would prove futile. *See Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1145 (9th Cir. 2015). Here, the Court dismisses the Complaint because of legal, not factual errors. Thus, amendment would be futile.

**ORDER**

Accordingly, **IT IS ORDERED** that the Government's motion to dismiss Leachmans' complaint (Doc. 3) is **GRANTED**.

DATED this 30th day of March, 2020.

*Brian Morris*
Brian Morris, Chief District Judge
United State District Court